**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TGR INTELLECTUAL PROPERTIES, LLC and FLEXVIEW SYSTEMS, LLC | |
| Plaintiffs, | **Case No.: 16-cv-4198** |
| vs. | |
| PELTON & CRANE LLC and HENRY SCHEIN, INC. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

<u>**COMPLAINT FOR PATENT INFRINGEMENT**</u>

Plaintiffs TGR Intellectual Properties, LLC ("TGR") and Flexview Systems, LLC ("Flexview"), by and through their undersigned attorneys, for their complaint against Defendants Pelton & Crane LLC (P&C) and Henry Schein, Inc. ("Henry Schein") hereby allege as follows:

**NATURE OF LAWSUIT**

1.      This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

**THE PARTIES**

2.      Plaintiff TGR Intellectual Properties, LLC is a North Carolina limited liability company with its principal place of business at 7751 Ballantyne Commons Pkwy #101, Charlotte, North Carolina 28277.  TGR is the assignee of United States Patent Nos.

1

7,410,138, 7,828,252, 8,128,041, 8,201,781, 8,403,274, 8,702,045 and 9,256,911.  TGR is owned by Dr. Shannon G. Parsons, a periodontist, the inventor of the patents.

3.      Plaintiff Flexview Systems, LLC is a North Carolina limited liability company with its principal place of business at 7751 Ballantyne Commons Pkwy #101, Charlotte, North Carolina 28277.  Flexview manufactures and sells patented Flexview™ monitor mounting systems under license from TGR.  Flexview is also owned by Dr. Parsons.

4.      Defendant Pelton & Crane LLC is a Delaware limited liability company with its principal place of business at 11727 Fruehauf Drive, Charlotte, North Carolina 28273. Defendant P&C sells and offers for sale products that infringe the asserted patents through its authorized dealer Henry Schein, located at 501 W. Lake St. #108, Elmhurst, Illinois 60126, and transacts business and has offered to provide and/or provided products in this judicial district and throughout the State of Illinois that infringe claims of the asserted patents.

5.      Defendant Henry Schein is a Delaware corporation with its principal place of business at 135 Duryea Road, Melville, New York 11747.  Defendant Henry Schein operates a dental supply store at 501 W. Lake St. # 108, Elmhurst, Illinois 60126, and transacts business and has offered to provide and/or provided products in this judicial district and throughout the state of Illinois that infringe claims of the asserted patents.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## ALLEGATIONS COMMON TO ALL COUNTS

7.      TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,828,252 ("the '252 patent"), entitled "Adjustably

2

Positionable Display and Lighting Arrangement," issued on November 9, 2010. A copy of the '252 patent is attached as Exhibit 1. Flexview is the exclusive licensee of the '252 patent.

8.    TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 8,128,041 ("the '041 patent"), entitled "Adjustably Positionable Display and Lighting Arrangement," issued on March 6, 2012. A copy of the '041 patent is attached as Exhibit 2. Flexview is the exclusive licensee of the '041 patent.

9.    TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 8,403,274 ("the '274 patent"), entitled "Adjustably Positionable Display and Lighting Arrangement," issued on March 26, 2013. A copy of the '274 patent is attached as Exhibit 3. Flexview is the exclusive licensee of the '274 patent.

10.    TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 8,702,045 ("the '045 patent"), entitled "Adjustably Positionable Display and Lighting Arrangement," issued on April 22, 2014. A copy of the '045 patent is attached as Exhibit 4. Flexview is the exclusive licensee of the '045 patent.

11.    TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 9,256,911 ("the '911 patent"), entitled "Method for Providing Health Care Service to a Patient Utilizing an Electronic Display," issued on February 9, 2016. A copy of the '911 patent is attached as Exhibit 5. Flexview is the exclusive licensee of the '911 patent.

12.    TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 8,201,781 ("the '781 patent"), entitled "Adjustably

3

Positionable Display and Lighting Arrangement," issued on June 19, 2012.  A copy of the

'781 patent is attached as Exhibit 6.  Flexview is the exclusive licensee of the '781 patent.

13.     Flexview manufactures and sells monitor mounting systems, including the

Flexview<sup>TM</sup> Pro, shown below:



14.     Flexview<sup>TM</sup> monitor mounting systems are typically sold for use in dental

offices, but may also be used in other medical applications.  The system is designed for

optimal placement of a video screen for viewing by a dental patient, taking into consideration

that a dental light must often also be used in conjunction with the video screen.

15.     Flexview<sup>TM</sup> monitor mounting systems practice the inventions claimed in the

patents asserted in this litigation, and are marked with the applicable patent numbers.

4

16.    Flexview's monitor mounting systems have been promoted and displayed at dental industry trade shows since at least 2005.

17.    Representatives of P&C viewed and inspected Flexview's monitor mounting system at the American Dental Association annual meeting and trade show in Philadelphia, Pennsylvania in 2005.  Accordingly, P&C has had knowledge of Plaintiffs' patented monitor mounting system since at least 2005.

18.    P&C has had knowledge of TGR's '252 patent since at least 2011.

19.    P&C sells equipment for use in dental offices including dental chairs, dental lights and monitor mounts.

20.    P&C sells a monitor mount system called the Flex Monitor Mounts, as shown below:



21.     Henry Schein is an authorized dealer for P&C and sells P&C's Flex Monitor

Mounts.

22.     Henry Schein sells equipment for use in dental offices including dental chairs,

dental lights and monitor mounts.

23.     P&C's Flex Monitor Mounts are available in six mounting variations, as

shown below:



24.     P&C's Flex Monitor Mounts may be mounted on an overhead track with a

dental light, as shown below:

6



25.    P&C sells its Flex Monitor Mounts for installation in dental offices.

26.    P&C's Flex Monitor Mounts enable the mounting of a video screen in a dental office for viewing of the video screen by a dental patient in a dental chair.

27.    A monitor mounted with a P&C Flex Monitor Mount may be disposed in a horizontal position.

28.    A monitor mounted in a dental office with a P&C Flex Monitor Mount may be suspended directly above the headrest of a dental chair for viewing by a patient in the dental chair.

29.    P&C provides instruction and directions for purchasers regarding the installation and use of P&C Flex Monitor Mounts.

30.    P&C sells dental lights including the Helios 3000 and Helios 1800 dental lights.

31. P&C sells dental chairs including its 3300 Series, 1800 Series and 1700 Series dental chairs.

32. Henry Schein sells dental lights including the P&C Helios 3000 and Helios 1800 dental lights.

33. Henry Schein sells dental chairs.

34. Henry Schein provides instructions and directions for purchasers regarding the installation and use of P&C Flex Monitor Mounts.

## COUNT I

## PELTON & CRANE – DIRECT INFRINGEMENT

35. Plaintiffs incorporate by reference the allegations of Paragraphs 1-34.

36. P&C has directly infringed claims of the '252, '041, '781, '274 and '045 patents through, among other activities, making, using, selling and/or offering for sale its Flex Monitor Mounts in conjunction with various models of overhead dental lights and dental chairs.

37. P&C made, used, sold and offered for sale its Flex Monitor Mounts in conjunction with various models of overhead dental lights and dental chairs with knowledge of the '252 patent.

38. On information and belief, P&C made, used, sold and offered for sale its Flex Monitor Mounts in conjunction with various models of overhead dental lights and dental chairs with knowledge of the '041, '781, '274 and '045 patents.

39. P&C made, used, sold and offered for sale its Flex Monitor Mounts in conjunction with various models of overhead dental lights and dental chairs despite an

objectively high likelihood that its actions constituted infringement of a valid patent, and

such likelihood was known or so obvious that it should have been known by P&C.

40.     P&C has willfully infringed claims of the '252, '041, '781, '274 and '045

patents by making, using, selling and offering for sale its Flex Monitor Mounts in

conjunction with various models of overhead dental lights and dental chairs.

## COUNT II

## PELTON & CRANE – CONTRIBUTORY INFRINGEMENT

41.     Plaintiffs incorporate by reference the allegations of Paragraphs 1-34.

42.     P&C has contributed to the infringement of claims of the '252, '041, '781,

'274, '045 and '911 patents through, among other activities, selling and/or offering for sale

its Flex Monitor Mounts to dental offices.

43.     The P&C Flex Monitor Mount is a material component of the electronic

display and lighting arrangement claimed in the '252, '041, '781, '274 and '045 patents.

44.     The P&C Flex Monitor Mount is a material component of the method for

providing healthcare service to a patient claimed in the '911 patent.

45.     P&C knew that its Flex Monitor Mount was especially made or adapted for

use in infringement of the '252 patent, and was not a staple article or commodity of

commerce suitable for substantial noninfringing use in the dental office market.

46.     On information and belief, P&C knew that its Flex Monitor Mount was

especially made or adapted for use in infringement of the '041, '781, '274 and '045 patents,

and was not a staple article or commodity of commerce suitable for substantial noninfringing

use in the dental office market.

9

47.     Since the filing of this complaint, P&C has known that its Flex Monitor Mount is especially made or adapted for use in infringement of the '041, '781, '274, '045 and '911 patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use in the dental office market.

48.     P&C sold and offered for sale its Flex Monitor Mounts in the dental office market despite an objectively high likelihood that its actions constituted infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by P&C.

49.     P&C has willfully infringed claims of the '252, '041, '781, '274, '045 and '911 patents by selling and offering for sale its Flex Monitor Mounts to the dental office market.

## COUNT III

## PELTON & CRANE – INDUCED INFRINGEMENT

50.     Plaintiffs incorporate by reference the allegations of Paragraphs 1-34.

51.     P&C has induced infringement of claims of the '252, '041, '781, '274, '045 and '911 patents through, among other activities, selling and/or offering for sale its Flex Monitor Mounts to dental offices with the specific intent that the Flex Monitor Mounts would be installed for use in dental offices in conjunction with dental lights and dental chairs, and with full knowledge and awareness that such induced acts constituted infringement of the '252, '041, '781, '274, '045 and '911 patents.

10

52.     P&C has sold its Flex Monitor Mounts to the dental office market with the knowledge and intent that the Flex Monitor Mounts would be installed and used in conjunction with dental lights and chairs.

53.     Plaintiffs have prominently marketed, promoted and displayed their Flexview™ monitor mounting systems at dental industry trade shows since at least 2005.

54.     After inspecting Flexview's monitor mounting system at the American Dental Association annual meeting and trade show in Philadelphia, Pennsylvania in 2005, P&C intentionally copied the features and functionality of Plaintiffs' Flexview™ monitor mounting systems when designing its Flex Monitor Mount.

55.     P&C has had actual knowledge of the '252 patent since at least 2011.

56.     On information and belief, based on Flexview having marked the relevant patent numbers on Flexview™ monitor mounting systems, as well as the prominent marketing of the Flexview™ monitor mounting systems at dental industry trade shows and in the dental office market, P&C had actual knowledge of the '041, '781, '274 and '045 patents.

57.     Since the filing of this lawsuit, P&C has had actual knowledge of the '911 patent.

58.     P&C has had actual knowledge that its Flex Monitor Mount, when used in a dental office in conjunction with a dental light and dental chair, infringed claims of the '252, '041, '781, '274 and '045 patents, and sales of the Flex Monitor Mount to the dental office market would therefore induce infringement of the patents.

59.     Since the filing of this complaint, P&C has had actual knowledge that its Flex Monitor Mount, when used in a dental office in conjunction with a dental light and dental

chair, infringed claims of the '911 patent, and sales of the Flex Monitor Mount to the dental office market would therefore induce infringement of the patent.

60.     P&C sold and offered for sale its Flex Monitor Mounts in the dental office market despite an objectively high likelihood that its actions would induce infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by P&C.

61.     P&C has willfully induced infringement of claims of the '252, '041, '781, '274, '045 and '911 patents by selling and offering for sale its Flex Monitor Mounts to the dental office market.

## COUNT IV

## HENRY SCHEIN – DIRECT INFRINGEMENT

62.     Plaintiffs incorporate by reference the allegations of Paragraphs 1-34.

63.     Henry Schein has directly infringed claims of the '252, '041, '781, '274 and '045 patents through, among other activities using, selling and/or offering for sale P&C Flex Monitor Mounts in conjunction with various models of overhead dental lights and dental chairs.

64.     On information and belief, Henry Schein made, used, sold and offered for sale P&C Flex Monitor Mounts in conjunction with various models of overhead dental lights and dental chairs with knowledge of the '252, '041, '781, '274 and '045 patents.

65.     Henry Schein made, used, sold and offered for sale P&C Flex Monitor Mounts in conjunction with various models of overhead dental lights and dental chairs despite an objectively high likelihood that its actions constituted infringement of a valid

patent, and such likelihood was known or so obvious that it should have been known by Henry Schein.

66.     Henry Schein has willfully infringed claims of the '252, '041, '781, '274 and '045 patents by making, using, selling and offering for sale P&C Flex Monitor Mounts in conjunction with various models of overhead dental lights and dental chairs.

## COUNT V

## HENRY SCHEIN – CONTRIBUTORY INFRINGEMENT

67.     Plaintiffs incorporate by reference the allegations of Paragraphs 1-34.

68.     Henry Schein has contributed to the infringement of claims of the '252, '041, '781, '274, '045 and '911 patents through, among other activities, selling and/or offering for sale P&C Flex Monitor Mounts to dental offices.

69.     The P&C Flex Monitor Mount is a material component of the electronic display and lighting arrangement claimed in the '252, '041, '781, '274 and '045 patents.

70.     The P&C Flex Monitor Mount is a material component of the method for providing healthcare service to a patient claimed in the '911 patent.

71.     Henry Schein knew or should have known that the P&C Flex Monitor Mount was especially made or adapted for use in infringement of the '252, '041, '781, '274 and '045 patents, and was not a staple article or commodity of commerce suitable for substantial noninfringing use in the dental office market.

72.     Since the filing of this complaint, Henry Schein has known that the P&C Flex Monitor Mount is especially made or adapted for use in infringement of the '252, '041, '781,

'274, '045 and '911 patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use in the dental office market.

73.　　Henry Schein sold and offered for sale the P&C Flex Monitor Mounts in the dental office market despite an objectively high likelihood that its actions constituted infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Henry Schein.

74.　　Henry Schein has willfully infringed claims of the '252, '041, '781, '274, '045 and '911 patents by selling and offering for sale P&C Flex Monitor Mounts to the dental office market.

## COUNT VI

## HENRY SCHEIN – INDUCED INFRINGEMENT

75.　　Plaintiffs incorporate by reference the allegations of Paragraphs 1-34.

76.　　Henry Schein has induced infringement of claims of the '252, '041, '781, '274, '045 and '911 patents through, among other activities, selling and/or offering for sale P&C Flex Monitor Mounts to dental offices with the specific intent that the Flex Monitor Mounts would be installed for use in dental offices in conjunction with dental lights and dental chairs, and with full knowledge and awareness that such induced acts constituted infringement of the '252, '041, '781, '274, '045 and '911 patents.

77.　　Henry Schein has sold its Flex Monitor Mounts to the dental office market with the knowledge and intent that the Flex Monitor Mounts would be installed and used in conjunction with dental lights and chairs.

14

78.     Plaintiffs have prominently marketed, promoted and displayed their Flexview<sup>TM</sup> monitor mounting systems at dental industry trade shows since at least 2005.

79.     On information and belief, based on Flexview having marked the relevant patent numbers on Flexview<sup>TM</sup> monitor mounting systems, as well as the prominent marketing of the Flexview<sup>TM</sup> monitor mounting systems at dental industry trade shows and in the dental office market, Henry Schein had actual knowledge of the '252, '041, '781, '274 and '045 patents.

80.     Since the filing of this lawsuit, Henry Schein has had actual knowledge of the '911 patent.

81.     Since at least the filing of this lawsuit, Henry Schein has had actual knowledge that P&C Flex Monitor Mounts, when used in a dental office in conjunction with a dental light and dental chair, infringed claims of the '252, '041, '781, '274, '045 and '911 patents, and sales of the Flex Monitor Mount to the dental office market would therefore induce infringement of the patents.

82.     Since the filing of this complaint, P&C has had actual knowledge that P&C Flex Monitor Mounts, when used in a dental office in conjunction with a dental light and dental chair, infringed claims of the '911 patent, and sales of the Flex Monitor Mount to the dental office market would therefore induce infringement of the patent.

83.     Henry Schein sold and offered for sale P&C Flex Monitor Mounts in the dental office market despite an objectively high likelihood that its actions would induce infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Henry Schein.

15

84.     Henry Schein has willfully induced infringement of claims of the '252, '041, '781, '274, '045 and '911 patents by selling and offering for sale its Flex Monitor Mounts to the dental office market.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to enter judgment against P&C and Henry Schein, and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.     An award of damages adequate to compensate Plaintiffs for the infringement that has occurred, together with prejudgment interest from the date that Defendants' infringement of the Plaintiffs' patents began;

B.     Increased damages as permitted under 35 U.S.C. § 284;

C.     A finding that this case is exceptional and an award to Plaintiffs of their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.     A permanent injunction prohibiting further infringement, inducement and contributory infringement of the asserted patents; and

E.     Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues presented in this Complaint.

Dated: April 11, 2016                    Respectfully submitted,

                                          /s/ Anthony E. Dowell
                                         Anthony E. Dowell
                                         aedowell@dowellip.com
                                         DOWELL IP
                                         333 W. North Ave #341
                                         Chicago, Illinois 60610
                                         Phone: (312) 291-8351

                                         **ATTORNEY FOR PLAINTIFF
                                         McAFEE ENTERPRISES, INC.**